Michael I. Wayne, Esq. (CSB # 169840)
Michaelwayne1@mac.com
**LAW OFFICES OF MICHAEL I. WAYNE, APC**
**149 So. Barrington Ave., No. 143**
**Los Angeles, California 90049**
**(310) 926-6453**

Attorneys for Plaintiff,
UNITED STATES FOR THE USE AND
BENEFIT OF FERGUSON
ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF FERGUSON ENTERPRISES, INC., a Virginia corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>MCCULLOUGH PLUMBING, INC., a California corporation; THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan corporation; HALBERT CONSTRUCTION COMPANY, INC., a California corporation; THE WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>            Defendants. | Case No.:<br><br>[Limited Jurisdiction]<br><br>**COMPLAINT ON MILLER ACT PAYMENT BONDS**<br><br>**AMOUNT: $27,635.04** |

Use-Plaintiff FERGUSON ENTERPRISES, INC., a Virginia corporation ("FERGUSON"), complains of Defendants as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims, if any, alleged in this Complaint pursuant to 28 U.S.C. § 1367.

2. This Court is the proper venue for this action inasmuch as the construction project described in this Complaint is within Monterey County, California and therefore venue lies in the United States District Court for the Northern District of California pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Use-Plaintiff and Plaintiff FERGUSON ENTERPRISES, INC. is a corporation formed and organized under the laws of the State of Virginia and is authorized to conduct business in the State of California.

4. Use-Plaintiff is informed and believes and based thereon alleges that Defendant MCCULLOUGH PLUMBING, INC. ("MCCULLOUGH") is a California corporation doing business as a contractor within the territorial jurisdiction of this Court.

5. Use-Plaintiff is informed and believes and based thereon alleges that Defendant THE GUARANTEE COMPANY OF NORTH AMERICA USA ("GUARANTEE COMPANY") is a corporation formed and organized under the laws of the State of Michigan. GUARANTEE COMPANY is operating as a surety within the territorial jurisdiction of this Court.

6. Use-Plaintiff is informed and believes and based thereon alleges that Defendant HALBERT CONSTRUCTION COMPANY, INC. ("HALBERT") is a California corporation doing business as a contractor within the territorial jurisdiction of this Court.

7. Use-Plaintiff is informed and believes and based thereon alleges that Defendant THE WESTERN SURETY COMPANY ("WESTERN SURETY") is a corporation formed and organized under the laws of the State of South Dakota. WESTERN SURETY is operating as a surety within the territorial jurisdiction of this Court.

## FIRST COUNT

(Miller Act Claim Against Defendants MCCULLOUGH and GUARANTEE COMPANY)

8. Use-Plaintiff repeats herein by this reference paragraphs 1 through 7, inclusive, with the same force and affect as if said paragraphs were set forth herein in full.

9. Use-Plaintiff is informed and believes and based thereon alleges that within the

last three years, Defendant HALBERT entered into a written agreement with the UNITED STATES OF AMERICA, acting by and through the Department of the Navy, for the construction of the following public work of improvement: Monterey Dining Facility – Located at West Rifle Range Contract Number W91238-13-C-0012 (Monterey County), California (hereinafter "Prime Contract"). By the terms of the Prime Contract, Defendant HALBERT agreed to act as a general contractor in connection with the construction of the improvements described in the Prime Contract the ("Project").

10. After the execution of the Prime Contract, Defendant HALBERT entered into a Subcontract Agreement (the "Subcontract") with MCCULLOUGH, whereby MCCULLOUGH agreed to perform the plumbing installation at the Project.

11. As part of the agreement between Defendant HALBERT and Defendant MCCULLOUGH, and pursuant to 40 U.S.C. §3131, et seq., Defendant MCCULLOUGH, as principal, and Defendant GUARANTEE COMPANY, as surety, executed and delivered to the United States of America a Payment Bond. The Payment Bond was identified as Bond Number US12099597.

12. By virtue of the Bond, Defendant MCCULLOUGH, as principal, and Defendant GUARANTEE COMPANY, as surety, bound themselves to UNITED STATES OF AMERICA to assure the payment of all persons supplying labor and materials in the prosecution of the work identified in the Prime Contract. The Bond was conditioned that if principal shall promptly make payment to all persons supplying labor and materials in the prosecution of the work identified in the Prime Contract and any and all duly authorized modifications thereto, then the obligation is to be void; otherwise to remain in full force and effect.

13. The Bond was duly accepted by the UNITED STATES OF AMERICA, and upon such acceptance, the Subcontract was awarded to Defendant MCCULLOUGH.

14. After the execution of the Subcontract, Defendant MCCULLOUGH asked Use-Plaintiff to furnish certain plumbing supplies and related building materials for use in and about the Project.

15. Pursuant to the request of Defendant MCCULLOUGH, Use-Plaintiff provided materials to MCCULLOUGH for use in the construction of the Project.

16. The materials furnished to MCCULLOUGH were to be used, and were in fact used and/or consumed, in the construction of the Project.

17. To date, Use-Plaintiff has not received payment for all of the materials supplied to MCCULLOUGH on the Project and as of February 15, 2017 the principal sum of $27,635.04 was due and payable to Use-Plaintiff for said materials. Said sum represents the reasonable value and agreed purchase price for the materials.

18. Based upon MCCULLOUGH's failure to make payment, Use-Plaintiff made a demand for payment upon all Defendants. Further, Use-Plaintiff provided the ninety (90) day notice required by 40 U.S.C. §3131.

19. To date, Defendants have not made any payments to Use-Plaintiff in response to Use-Plaintiff's demand.

20. By reason of Defendants' failure to make payment to Use-Plaintiff and according to the provisions of the Bond and 40 U.S.C. §3131, et seq., Defendants MCCULLOUGH and GUARANTEE COMPANY have become indebted to Use-Plaintiff in the sum of $27,635.04 plus interest from and after February 15, 2017.

21. Use-Plaintiff has complied and performed all conditions required to be performed pursuant to the Bond and the Miller Act.

22. One year has not elapsed from the date on which Use-Plaintiff last furnished materials to the Project and the date of filing this action.

23. As part of the terms and conditions of sale by and between Use-Plaintiff and MCCULLOUGH, MCCULLOUGH agreed to pay Use-Plaintiff's reasonable attorneys' fees if Use-Plaintiff was required to employ attorneys to collect amounts due to Use-Plaintiff. By reason of said Defendants' failure to make payment when due, Use-Plaintiff has been required to retain the undersigned firm of attorneys as attorneys of record to prosecute this action and has incurred, and will continue to incur, reasonable attorneys' fees in connection herewith.

## SECOND COUNT

(Miller Act Claim Against Defendants HALBERT and WESTERN SURETY)

24. Use-Plaintiff repeats by reference thereto paragraphs 1 through 23, inclusive, with like force and effect as if the same were set forth herein in full.

25. As part of the agreement between the UNITED STATES OF AMERICA and Defendant HALBERT, and pursuant to 40 U.S.C. §3131, et seq., Defendant HALBERT, as principal, and Defendant WESTERN SURETY, as surety, executed and delivered to the United States of America a Payment Bond. The Payment Bond was identified as Bond No. 58705486.

26. By virtue of the Bond, Defendant HALBERT, as principal, and Defendant WESTERN SURETY, as surety, bound themselves to UNITED STATES OF AMERICA to assure the payment of all persons supplying labor and materials in the prosecution of the work identified in the Prime Contract. The Bond was conditioned that if principal shall promptly make payment to all persons supplying labor and materials in the prosecution of the work identified in the Prime Contract and any and all duly authorized modifications thereto, then the obligation is to be void; otherwise to remain in full force and effect.

27. The Bond was duly accepted by the UNITED STATES OF AMERICA, and upon such acceptance, the Prime Contract was awarded to Defendant HALBERT.

28. After the execution of the Prime Contract, Defendant HALBERT entered into a Subcontract Agreement with MCCULLOUGH, whereby MCCULLOUGH agreed to perform the plumbing installation at the Project.

29. After the execution of the Subcontract Agreement, MCCULLOUGH asked Use-Plaintiff to furnish certain plumbing supplies and related building materials for use in and about the Project.

30. Pursuant to the request of Defendant MCCULLOUGH, Use-Plaintiff provided materials to MCCULLOUGH for use in the construction of the Project.

31. The materials furnished to MCCULLOUGH were to be used, and were in fact used and/or consumed, in the construction of the Project.

32. To date, Use-Plaintiff has not received payment for all of the materials supplied to STEINY on the Project and as of February 15, 2017 the principal sum of $27,635.04 was due and payable to Use-Plaintiff for said materials. Said sum represents the reasonable value and agreed purchase price for the materials.

33. Based upon MCCULLOUGH's failure to make payment, Use-Plaintiff made a demand for payment upon all Defendants. Further, Use-Plaintiff provided the ninety (90) day notice required by 40 U.S.C. §3131.

34. To date, Defendants have not made any payments to Use-Plaintiff in response to Use-Plaintiff's demand.

35. By reason of Defendants' failure to make payment to Use-Plaintiff and according to the provisions of the Bond and 40 U.S.C. §3131, et seq., Defendants MCCULLOUGH, HALBERT and WESTERN SURETY have become indebted to Use-Plaintiff in the sum of $27,635.04 plus interest from and after February 15, 2017.

36. Use-Plaintiff has complied and performed all conditions required to be performed pursuant to the Bond and the Miller Act.

37. One year has not elapsed from the date on which Use-Plaintiff last furnished materials to the Project and the date of filing this action.

38. As part of the terms and conditions of sale by and between Use-Plaintiff and MCCULLOUGH, MCCULLOUGH agreed to pay Use-Plaintiff's reasonable attorneys' fees if Use-Plaintiff was required to employ attorneys to collect amounts due to Use-Plaintiff. By reason of said Defendants' failure to make payment when due, Use-Plaintiff has been required to retain the undersigned firm of attorneys as attorneys of record to prosecute this action and has incurred, and will continue to incur, reasonable attorneys' fees in connection herewith.

WHEREFORE, Use-Plaintiff prays for relief as follows:

## ON THE FIRST COUNT

(Against Defendants MCCULLOUGH and GUARANTEE COMPANY)

(1) For the principal sum of $27,635.04 plus interest at the maximum legal rate from and after February 15, 2017;

(2) For reasonable attorney's fees;

(3) For penalties pursuant to the applicable prompt payment statutes;

(4) For costs of suit and litigation; and

(5) For such other and further relief as the Court deems just and proper.

## ON THE SECOND COUNT

(Against Defendants HALBERT and WESTERN SURETY)

(1) For the principal sum of $27,635.04 plus interest at the maximum legal rate from and after February 15, 2017;

(2) For reasonable attorney's fees;

(3) For penalties pursuant to the applicable prompt payment statutes;

(4) For costs of suit and litigation; and

(5) For such other and further relief as the Court deems just and proper.

Dated: June 9, 2017

LAW OFFICES OF MICHAEL I. WAYNE, APC

By: /s/ Michael I. Wayne
Michael I. Wayne, Esq.
Attorneys for Use-Plaintiff and Plaintiff,
FERGUSON ENTERPRISES, INC., a Virginia corporation